IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVELYN CATON,<br><br>                Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA by and through the COMMISSIONER OF INTERNAL REVENUE SERVICE,<br><br>                Defendant. | Case No. 09-CV-11-JHP-FHM |

**OPINION AND ORDER**

Defendant's Motion to Compel Testimony and Extend Discovery Deadline [Dkts. 62, 63] are before the undersigned United States Magistrate Judge for decision. A hearing was held on the matter and the matter is ripe for decision. Defendant's Motion to Compel Testimony [Dkt. 62] and Extend Discovery Deadline [Dkt. 63] are DENIED.

In this case Plaintiff seeks to quiet title on property against which the Internal Revenue Service (IRS) has asserted liens, and seeks damages to recompense for what Plaintiff alleges is a wrongful levy on rental income from the property. [Dkt. 2]. The levy was served to collect the unpaid federal tax liability of Plaintiff's ex-husband, Anthony Spencer. The property against which the IRS has proceeded was awarded to Plaintiff in her 1998 divorce from Mr. Spencer. The IRS proceeded against Plaintiff for Mr. Spencer's tax liability on the basis of the IRS's belief that Plaintiff is Mr. Spencer's nominee.

The tax liability in question was incurred in tax years 1991 through 1994. The Notices of Lien and Notice of Levy which are the subject of this lawsuit are dated April 9, 2008. *Id.* The Complaint in this case was filed on January 8, 2009. An Amended Joint Status Report was filed on September 15, 2009, in which the parties proposed a discovery

cut off date of October 30, 2009. [Dkt. 58, p. 2]. The Court entered a Scheduling Order in which the discovery cutoff date was set for October 30, 2009, the pretrial conference was set for November 24, 2009, and the trial date was set for December 7, 2009. [Dkt. 60]. The parties scheduled depositions to be taken during the week of October 19 through October 23, 2009, the week before the discovery deadline was set to expire.

In the instant motion, the government seeks a motion to compel what it characterizes as the "vital" testimony of Patrick Walters, a CPA, whom the government asserts has "information unique and essential to the United States' position at trial." [Dkt. 62, p. 2]. The government also seeks to take two additional depositions based on newly discovered information it obtained during the depositions taken during the October 19 through 23 time frame. The government requests an extension of the discovery deadline until November 20 to enable it to take these depositions. The requested extension would also require that the December 7, 2009, trial date be rescheduled to a later date.

A subpoena was issued for Mr. Walter's deposition, but the deposition was not taken because he is undergoing chemotherapy, the effects of which allegedly render him unable to withstand the rigors of sitting for a deposition. The government states that the basis for its need to depose Mr. Walters is established by a letter dated November 11, 2002, written by Mr. Walters to Mr. Spencer in which Mr. Walters stated:

> I know about the divorce and we had talked about it a lot. You were married for 6 months you file for divorce after conviction and give her ½ of your known estate. How am I supposed to get the IRS to buy this?

[Dkt. 62-6, p.1]. At the hearing the government stated that it obtained the subject letter during the summer of 2009. The government asserts that no other witness has information

about Mr. Spencer's motivations in his divorce from Plaintiff. At the hearing the government was unable to articulate a basis for the admissibility of the hearsay testimony of Mr. Walters regarding conversations with Mr. Spencer about his motivations in his divorce from Plaintiff. Instead, the government argued that the testimony may shed light on other information relevant to the case.

The court finds that while Mr. Walters' testimony falls within the broad scope of discovery, it is unlikely that Mr. Walters' testimony concerning his conversations with Mr. Spencer about Mr. Spencer's motivations in his divorce from Plaintiff will be admissible at trial. The government has not demonstrated that the need of Mr. Walters' testimony to shed light on other information in the case is a sufficient reason to extend the deadlines. The levy and lien were issued in April 2008. Presumably, at that time, the IRS had a sufficient factual basis for its conclusion that it could proceed against Plaintiff's property as Mr. Spencer's nominee without the input of Mr. Walters' testimony. Given these circumstances, the government's motion to compel the deposition testimony of Mr. Walters is DENIED.

Based on information received during depositions taken the week before the discovery deadline, the government requests an extension of case deadlines to take two additional depositions. The government's attorney has found addresses for those witnesses, but has not spoken with them. Therefore it is not certain that these witnesses are available to testify within the requested time frame. In view of the nearness of trial, the fact that depositions were not taken in the case until a week before the end of the discovery period, the fact that the levy against Plaintiff's property continues during the pendency of this case, and the lack of information about the availability of these new witnesses or the

3

information they might provide, the government has not established good cause for modification of the scheduling order.

Defendant's Motion to Compel Testimony [Dkt. 62] and Extend Discovery Deadline [Dkt. 63] are DENIED.

SO ORDERED this 5th day of November, 2009.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE